## LIEN- OF ALIMONY TO WIFE.

Circuit Court of Lorain County.

ALBERT M. WEBSTER v. ADA M. MILLER.*

Decided, December 28, 1909.

*Alimony—Division of Property.*

A money judgment rendered in a divorce and alimony case, payable in installments, made a lien on the husband's property and with express provision for execution, rendered in favor of the wife, though the divorce is granted to the husband, will be sustained as a division of property between the parties under favor of Section 5700, Revised Statutes.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

Early in the present term of court this cause was heard and it was orally announced from the bench that the plaintiff was entitled to judgment, and an opinion to that effect was handed down.    Afterwards two of the judges who participated in that hearing requested a re-argument, because of doubts as to the correctness of the court's decision.    The case has therefore been re-argued and we are now confirmed in the belief that the court erred in its former decision.

This is an action to enjoin the collection of a judgment purporting to be for alimony to the defendant here, Ada M. Miller, awarded notwithstanding that by the same decree a divorce was granted to the plaintiff, Albert M. Webster, for his wife's aggression.

In view of the construction placed by the Supreme Court upon Sections 5700 and 5702, Revised Statutes, in the case of *Hassaurek* v. *Markbreit,* 68 Ohio St., 579, it is plain that no alimony could rightfully have been allowed to the wife under such circumstances.

The sole question here is whether or not this award to the wife, though denominated alimony, may not be upheld as amounting to a division of property under Section 5700.    This is the same

*Affirmed without opinion, *Webster* v. *Miller*, 83 Ohio State, 473.

question as arose in *Kelso* v. *Lovejoy*, 29 C. C., 597, affirmed by the Supreme Court in 76 Ohio St., 598. There the award to the wife against whom a divorce was granted by the same decree was denominated alimony, and there also it was payable in installments.

It is claimed here, however, that the case before us is distinguished in that the decree provides for three other things which render it still more inconsistent with the idea that it was intended or may be regarded as an award to the wife of a share in her husband's property, rather than as alimony. These are the three elements:

1. That a money judgment in favor of the wife and against the husband was in terms rendered.

2. That said judgment is in terms made a lien upon the husband's property, and

3. That express provision is made that execution may issue for the collection of said judgment.

But we see no necessary inconsistency between any or all of these elements in the decree and the construction of the entire judgment as the award of a share of the husband's property. If, for example, such property consist of money, what possible objection can be raised to the rendition of a money judgment for such share thereof as the court determines to award to the wife? What good reason can be urged why such a judgment should not possess the usual incidents of money judgments, to-wit, a lien upon the real estate of the judgment debtor, and the right of the judgment creditor to issue execution for the collection of the sum adjudged to be due?

If the case of *Kelso* v. *Lovejoy et al* was properly decided, as must be conceded, since the Supreme Court has affirmed it, the main objections to the validity of the judgment here assailed are overcome, and the facts in this case afford no sufficient ground for distinguishing it. The petition will therefore be dismissed.